KIMMELL v. STATE.

(*Nashville.* January 10, - 1900.)

1. PRINCIPAL AND AGENT. *Does not exist, when.*

A person sells goods as owner, and not as agent, who. after obtaining orders therefor from resident customers upon a nonresident concern, submits these orders and obtains the goods, which are charged to him individually and shipped directly to him in bulk, and the goods delivered to the several customers and the price collected by him. (*Post, pp. 185, 186.*)

Case cited and distinguished : State *v.* Scott, 98 Tenn., 254.

2. INTERSTATE COMMERCE. *Original packages.*

The transaction is not one of interstate commerce, and is not entitled to protection as such, where goods, previously contracted by the importer or his agent to several customers, are shipped and received in a single package, and that package is broken up and its contents distributed among the several purchasers. - (*Post, pp. 186, 187.*)

Case cited and approved : Austin *v.* State, 101 Tenn., 563.

3. SAME. *Fraudulent device.*

Although a transaction may, by the fraudulent device of the parties, be made to assume the form and appearance of interstate commerce, the Court will, nevertheless, look behind mere form and outward appearance and ascertain its real character and give it effect accordingly. (*Post, pp. 187, 188.*)

FROM ROBERTSON.

Appeal in error from Circuit Court of Robertson County. A. H. MUNFORD, J.

Kimmell *v.* State.

Attorney-general PICKLE and A. E. GARNER for State.

P. M. ESTES for Kimmell.

CALDWELL, J. G. F. Kimmell is under conviction for selling goods in Robertson County without having paid a privilege tax and obtained a license, as required by the revenue laws of the State.

He admits that he made the sales as charged, but insists that in doing so he was engaged in interstate commerce, and that he was, therefore, not subject to taxation under State laws. This defense, if true in fact, is conclusive in law, and, as a consequence, the conviction is erroneous if the defendant was really engaged in interstate commerce.

Kimmell testified that he sold the goods by sample to citizens of Springfield, in Robertson County, Tennessee; that he made the sales as the agent, and subject to the approval of the L. B. Price Mercantile Company, of Kansas City, Missouri; that he forwarded his orders to a branch house of his principal at Lexington, Kentucky, from which he received the goods ordered, and then delivered them to the purchasers.

This testimony, considered alone, makes a plain case of interstate commerce. It shows commercial transactions between citizens of different States, and such transactions constitute interstate commerce,

which, though conducted by an agent, cannot be subjected to the burden of taxation under State laws. *State* v. *Scott,* 98 Tenn., 254, and citations.

But there is other evidence in the record amply justifying the judgment of the Court below.

Though Kimmell testified that he made the sales and forwarded the orders as agent, and that he received and delivered the goods in that capacity only, the bill for the goods, as copied into the record, shows that they were consigned and charged to him individually, and without reference to the persons to whom he sold them. This, of itself, and without more, refutes Kimmell's insistence that he was acting as agent for a nonresident principal, and affords sufficient evidence that he was not engaged in interstate commerce, as insisted, but in private intrastate business for himself—that he bought and sold the goods for his own account.

Moreover, the bill referred to contained two items, namely:

"1229  4 curtains lace 2 ..................... $ 8 00
118  6 curtains lace 3½ ................... 21 00

$29 00

and the articles embraced in both of those items were consigned and received in one general package. This package, after its reception by the defendant, was by him opened and the articles of each item separated from those of the other

items, and then delivered by him to different purchasers. Thus the original package was broken before the sales were completed, and the sales were not of original · packages. Hence, though Kimmell was in reality and good faith the agent of a nonresident principal in the sales, he would not be . protected against our revenue laws by the commerce clause of the Federal Constitution, for that clause of that instrument ceases to apply to articles of interstate commerce the moment the original package is broken. *Austin* v. *State,* 101 Tenn., 563, and citations.

Again, it may be, and no doubt ·is true, that Kimmell and his alleged nonresident principal were jointly endeavoring to make it appear that he was conducting interstate transactions for that principal, yet, aside from and in addition to what has already been said, there are other facts in the record showing that such was · not so in a legal sense, and that the endeavor was made for the purpose of evading lawful taxation.

Kimmell testified that his principal, whose "headquarters and main house" is at Kansas City, Mo., has "branch houses, or distributing points," at Little Rock, Ark., at Houston, Tex., at Joppa, Mo., at Savannah, Ga., at Norfolk, Va., at Lexington, Ky., and at Chattanooga, Tenn., and that its traveling agents, like himself, take orders for future delivery, and send such orders "to the

Kimmell *v.* State.

main office at Kansas City, Mo., or to one of the distributing points outside of the State."

· Why should orders be sent to distributing points outside of the State in which they are taken? Why not send them to the distributing point in that State if the object is not to evade the tax laws of that State? . Why send Tennessee orders "outside of the State" when there is a distributing point in the State? Why this general custom, agreement, or requirement · as to every ·order taken in every State if the purpose . be not one of evasion?

Transactions based upon such an object, and supported by such a purpose, can, in no true sense, be called interstate · commerce.

Let the judgment be affirmed.